HUNTER v. UNITED STATES.

(Circuit Court, S. D. New York.   January 26, 1906.)

No. 3,771.

1. CUSTOMS DUTIES—CLASSIFICATION—FLAT ENVELOPES.

Paper cut into particular shapes and sizes, ready to be folded and gummed, so as to constitute envelopes, and found to have been commercially known as "flat envelopes" at the time of the passage of the act, *held* dutiable as "paper envelopes, plain," under Tariff Act July 24. 1897, c. 11, § 1, Schedule M, par. 399, 30 Stat. 188 [U. S. Comp. St. 1901, p. 1672].

2. SAME—EVASION OF HIGHER RATE—CHANGE OF CONDITION.

In the classification of imported articles, it is immaterial that they were put in an unfinished condition to escape a higher rate of duty.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,867 (T. D. 25,857), which affirmed the assessment of duty by the collector of customs at the port of New York on importations by John Hunter under the tariff act of 1897.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importer.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge.   The articles in question "consist of pieces of paper which have been cut into particular shapes and sizes for the purpose of being specifically folded and gummed so as to constitute envelopes."   They were assessed for duty under paragraph 407 of the existing tariff act (Act July 24, 1897, c. 11, § 1, Schedule M. 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]) as "manufactures of paper or of which paper is the material of chief value, not specially provided for in this act."   The duty under this provision of the tariff act is at the rate of 35 per centum ad valorem, and the importer contends that such merchandise is assessable for duty at 20 per centum ad valorem, under paragraph 399 (30 Stat. 188 [U. S. Comp. St. 1901, p. 1672]), or at the rate of 25 per centum under paragraph 402 of said act.   In Hunter v. United States, 134 Fed. 361, 67 C. C. A. 343, which was a similar case by this protestant, the Circuit Court of Appeals intimated that if it were established in that case by the evidence that the importation was known in trade and commerce as a "flat envelope" at the time of the passage of the tariff act, and that in ordering the goods or in describing them they were designated by that term, then the protest of the importers would have been sustained.

Testimony was given in this case by 11 competent witnesses engaged in the paper and stationery business, showing that the articles in question consisted of flat envelopes, and that prior to the tariff act of 1897 the special trade recognized two kinds of envelopes, namely, flat envelopes and folded envelopes. This testimony was not before the Board of General Appraisers.   It is well established that the intention

of Congress must be ascertained from the ordinary meaning of the words used to express such intention unless a different commercial meaning is explicitly given to the language employed. As the uncontradicted testimony indicates that there was at the date of the passage of the act a definite, uniform, and general commercial designation of the articles in question, the contention of the importer must prevail. The articles known in trade as "flat envelopes" are dutiable under paragraph 399 as "paper envelopes, plain." Upon the authority of In re Blumenthal (C. C.) 51 Fed. 76, the intimation that the articles were imported in an unfinished condition to escape a higher rate of duty is immaterial.

The decision of the Board of General Appraisers is modified accordingly.